# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RHONDA BOYD, | * | |
| | * | |
| Petitioner, | * | No. 21-1323V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jonathan Svitak*, Shannon Law Group, P.C., Woodridge, IL, for petitioner.
*Austin Egan*, U.S. Department of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On May 5, 2021, Rhonda Boyd ("petitioner") filed a claim the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of the flu vaccination she received on September 23, 2020. *Id.* On September 9, 2025, petitioner filed a motion requesting that the special master file a decision dismissing her claim. Pet'r Mot. to Dismiss (ECF No. 48). For the reasons discussed below, petitioner's motion is hereby **GRANTED**, and her petition is **DISMISSED**.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

I.  **Procedural History**

Petitioner filed her claim for compensation on August 19, 2021 alleging that the flu vaccine she received on September 23, 2020 caused her to suffer a SIRVA. *See* Petition. Her claim was originally assigned to the Special Processing Unit (SPU). On June 25, 2025, the Chief Special Master issued a Findings of Fact and Conclusions of Law dismissing petitioner's Table SIRVA claim. ECF No. 41. The case was then reassigned to my docket. Notice of Reassignment (ECF No. 45). I held a status conference with the parties on July 23, 2025 to discuss the issues in the case, and ordered petitioner to either file a status report on whether she can file additional evidence to support her claim or to file a motion for a voluntary dismissal decision. Scheduling Order, Aug. 20, 2025 (ECF No. 47). On September 9, 2025, petitioner filed a Motion for a Decision dismissing her petition. Pet'r Mot. to Dismiss.

The matter is now ripe for adjudication.

II.  **Legal Standard**

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" –i.e. an injury falling within he Vaccine Injury Table—corresponding to one of the vaccinations or 2) that the vaccinee suffered an injury that was actually caused by a vaccine (i.e., a "Non-Table Injury"). *See* § 300aa-11(c)(1)(C). Under either approach, petitioner bears the burden of proving a *prima facie case* by preponderant evidence. § 300aa-13(a)(1)(A); *see also Moberly v. Sec'y of Health & Hum. Servs.,* 592 F.3d 1315, 1320 (Fed. Cir. 2010); *see also Althen v. Sec'y of Health & Hum. Servs.,* 418 F.3d 1274, 1278 (Fed. Cir. 2005). Here, petitioner plead a Table SIRVA and, alternatively, a cause-in-fact SIRVA.

In order, to prove a Table SIRVA, petitioner must show that onset occurred within 48 hours after vaccination. 42 C.F.R. § 100.3(a)(XIV)(B). The Qualifications and Aids to Interpretation ("QAI") dictates that:

> A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:
>
> (i)   No history of pain, inflammation, or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
> (ii)  Pain occurs within the specified time-frame;
> (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
> (iv)  No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathy, or any other neuropathy.

42 C.F.R. § 100.3(c)(10).

 For petitioner to prove and off-Table, cause-in-fact SIRVA claim, she must show by preponderant evidence that the vaccination brought about her injury by providing (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Moberly,* 592 F.3d at 1322 (citing *Althen,* 418 F.3d at 1278).

Under Vaccine Rule 21(b), the special master or the court may dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3). A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a).   Vaccine Rule 21(b)(2).

### III.   Analysis

While petitioner did not specifically request that her claim be dismissed under Vaccine Rule 21(b), petitioner indicated that "an investigation of the facts and science supporting her case has demonstrated to her that she will be unable to prove that she is entitled to compensation in the Vaccine Program. Pet'r Mot. for Dismissal Decision at ¶ 1. Petitioner also acknowledges that "a decision by the Special Master dismissing her petitioner will result in a judgment against her" and that "she has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 4.

Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants are all factors in allowing dismissal of claim when requested by a petitioner.  Dismissal of this claim will obviate the need to write a lengthy decision and further preserve judicial resources. However, in order to conform with § 300aa-12(d)(3) of the Vaccine Act, this decision shall include expressed findings.

As noted in the most recent Scheduling Order and in the Chief Special Master's Findings of Fact and Conclusions of Law, Petitioner's first medical appointment regarding her shoulder pain was on January 21, 2021, nearly four months after vaccination. At this appointment she complained of *bilateral* shoulder pain, and the records make no indication that petitioner's right shoulder pain began right after her vaccination. Pet'r Ex. 4 at 26. In fact, no mention of the vaccination was made at all. Throughout the course of her treatment, it was determined that her left and right shoulder pain had different etiologies, with the left shoulder pain being related to degenerative disc changes in her cervical spine while the right shoulder pain was limited to the shoulder and was likely caused by impingement or arthritis.

Through February and early March of 2021, petitioner saw two orthopedists over the course of several appointments addressing the radicular shoulder pain on the left and secondarily the shoulder pain on the right. At none of these appointments was the onset of shoulder pain related to the vaccination nor was the vaccination mentioned. It wasn't until a physical therapy appointment on April 1, 2021 that petitioner related her shoulder pain to the flu vaccination. While petitioner did file several affidavits, written in 2024, regarding the timing of onset, none of

the affidavits provided an explanation as to what caused petitioner to suddenly recall that her pain began at the time of her vaccination six and a half months after the fact. As I explained during the status conference, petitioner needed additional evidence to prove that onset began within 48 hours of vaccination in order to succeed on either her Table claim, or her cause-in fact claim. Petitioner's motion to dismiss the petition indicated that she could not provide such evidence.

### IV.     Conclusion

In this case, there is insufficient evidence in the record for petitioner to meet her burden of proof to demonstrate the onset of her shoulder pain began within 48 hours after vaccination, and therefore, she cannot prove that the flu vaccination was the cause of her condition. Therefore, petitioner's claim cannot succeed and must be dismissed. §300aa-11(c)(1)(A).

Accordingly, petitioner's motion for a decision dismissing her petition is hereby **GRANTED**, and the petition is dismissed. The Clerk of the Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).